# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELKINO DAWKINS, SR., | |
| Plaintiff, | Case No. 2:14-cv-1809-GMN-GWF |
| vs. | **ORDER** |
| LAS VEGAS PUBLIC LIBRARY, | Application to Proceed *In Forma Pauperis* - #1 |
| Defendant. | |

This matter is before the Court on Plaintiff Elkino Dawkins, Sr.'s Application to Proceed *In Forma Pauperis* (#1), filed on October 29, 2014. Plaintiff also filed a copy of the Complaint (#1-1) on October 29, 2014.

## BACKGROUND

Plaintiff brings suit against the Las Vegas Library and Branch Manager Theron Nisin for violating his civil rights by removing him from the library on October 29, 2014.

## DISCUSSION

**I.  Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing the financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is **granted**.

**II.  Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is

immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) *quoting Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

A Plaintiff must include in his complaint facts giving rise to a plausible entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). This does not require "detailed factual allegations," but simply sufficient factual matter to state a plausible claim to relief. *Iqbal*, 556 U.S. at 663 *quoting Twombly*, 550 U.S. at 555. This requires a Plaintiff to "make direct or inferential allegations about 'all the material elements necessary to sustain recovery under some viable legal theory.'" *Lasko v. American Bd. of Surgery*, 2014 WL 4699622 at *5 (D. Nev. 2014) *quoting Twombly*, 550 U.S. at 662.

**III.    Instant Complaint**

The Plaintiff alleges that the Defendant violated Title VII of the Civil Rights Act of 1964 by asking him to leave the library for sitting on his bag on October 29, 2014. The Plaintiff claims this

violates his civil rights because he "attended the library with no incident other than this." (1-1, p. 1). Title VII of the Civil Rights Act of 1964 covers employment discrimination, and prohibits employers from discriminating on the basis of race, color, religion, sex, or national origin. While Title VII is proper grounds for a Civil Rights case, the Plaintiff fails to provide sufficient facts to show how Title VII applies to his case. The material elements of a Title VII claim are not mentioned nor discussed. This is insufficient for the complaint to be filed.

Plaintiff also claims this suit is a class action under F.R.C.P. 23, but includes no facts to explain why this suit deserves class action status. Furthermore, without additional information, this Court has no way to determine that it has jurisdiction in this matter. The Plaintiff, should he choose to amend his complaint, must also include the basis for this Court's jurisdiction.

The Court will therefore order that Plaintiff's complaint be dismissed without prejudice, to give the Plaintiff the opportunity to file a new complaint with sufficient information to state the Plaintiff's claim.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

1       **IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice
2  and with leave to amend.  Plaintiff shall have until **January 19, 2015** to file an amended complaint
3  to correct the noted deficiencies.
4       DATED this 19th day of December, 2014.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　GEORGE FOLEY, JR.
　　　　　　　　　　　　　　　　United States Magistrate Judge